

ENTERED
06/18/2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| FELIPE HERNANDEZ | § | CASE NO: 17-10473 |
| Debtor | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION
### CONFIRMING DEBTOR'S CHAPTER 13 PLAN

### I. INTRODUCTION

"The beginning of wisdom is the definition of terms."[1]  As a matter of first impression, the question before this Court is whether an above-median income earner must, on Official Form 122C-2, account for his actual monthly rent expense in calculating his net rent expense for purposes of determining his monthly disposable income.

### II. FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014.  To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such.  To the extent that any Conclusion of Law constitutes a Finding of Fact, it is adopted as such.

On December 21, 2017, Felipe Hernandez ("*Debtor*") filed his chapter 13 petition.  ECF No. 1.  Along with the petition, Debtor filed his Official Forms 122C-1 and 122C-2, otherwise known as the Means Test.  ECF No. 4. As determined by the Means Test, the applicable commitment period is 5 years and the monthly disposable income was listed as $310.20.  *Id.* Additionally, Debtor filed his Uniform Plan and Motion for Valuation of Collateral which proposed sixty monthly payments in the amount of $350.00 and an estimated 4.35% dividend to

---

[1] Socrates

the general unsecured class of creditors or $6,678.91.  ECF No. 2.  Finally, Debtor listed a $600.00 rental or home ownership expense on Schedule J and a monthly net income of $353.95.  ECF No. 1

On March 6, 2018 the Court conducted a hearing on confirmation at which time the Court, *sua sponte*, questioned Debtor's counsel regarding several entries on the Means Test and reset confirmation to April 4, 2018.

On March 19, 2018, Debtor amended his Schedule I and J, which indicates an increased net disposable income of $403.95.  ECF No. 29 at 5.  Additionally, Debtor filed an amended Means Test which lists $678.00 on Line 9a as the local standard for mortgage or rent expenses.  ECF No. 32.  However, on Line 9b, Debtor does not list any payments as "total average monthly payment for all mortgages and other debts secured by your home."  *Id.*  Thus, Debtor's current listed "net mortgage or rent expense" on Line 9c is $678.00.  *Id.*  As a result, Debtor's monthly disposable income is calculated to be $82.11.  *Id.* at 10.  Additionally, on March 19, 2018, Debtor filed an amended Uniform Plan and Motion for Valuation of Collateral ("*Plan*"), which proposes three monthly payments in the amount of $350.00 and fifty seven monthly payments in the amount of $400.00 with an estimated 9.24% dividend or $5,211.17 available for unsecured creditors.  ECF No. 30.

On April 4, 2018, this Court held a hearing on confirmation of Debtor's Plan in which the Chapter 13 Trustee ("*Trustee*") recommended confirmation.  This Court questioned Debtor's Counsel and Trustee as to whether Debtor is required to list his monthly rent on Line 9b of Form 122C-2 and ordered briefing on the issue.  On May 3, 2018, Debtor and Trustee submitted a joint brief in support of confirmation, which argued that Form 122C-2 does not require Debtor to list his rent on Line 9b because it is not a mortgage or debt secured by his home.  ECF No. 39.

Briefing has now closed and the matter is ripe for consideration.

### III. <u>CONCLUSIONS OF LAW</u>

#### A. Jurisdiction & Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). This is a core matter as it concerns confirmation of Debtor's Plan. § 157(b)(2)(L); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).[2]

This Court may only hear a case in which venue is proper. 28 U.S.C. § 1408. Debtor resides in San Benito, Texas. ECF No. 1 at 2. Therefore, venue is proper.

#### B. Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters). Plan confirmation "is a quintessential issue created by federal bankruptcy law," and thus, this Court possesses the constitutional authority to enter a final order confirming Debtor's plan. *See In re Villareal*, 566 B.R. 859, 866 (Bankr. S.D. Tex. 2017) (citing *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015)).

#### C. Rent Payments are not Included on Line 9b of Form 122C-2.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("*BAPCPA*")

---

[2] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

was "intended to address what Congress perceived to be certain abuses of the bankruptcy process." *In re Hardacre*, 338 B.R. 718, 720 (Bankr. N.D. Tex. 2006). One of the changes instituted by BAPCPA was to create the "means test" under 11 U.S.C. 707(b) to determine, *inter alia*, if there is a presumption of abuse in filing a chapter 7 bankruptcy rather than a chapter 11 or 13. *Id.* at 721. "If the debtor's annual income exceeds the median family income for similarly sized households in her state, then the debtor's expenses must be determined in accordance with the means test in section 707(b)(2)." *Id.* at 721–22 (citing 11 U.S.C. § 1325(b)(3)). The Supreme Court is specifically required to "prescribe a form for the statement required under section 707(b)(2)(C) of title 11 and may provide general rules on the content of such statement. 28 U.S.C. § 2075. Official forms that are "prescribed by the Judicial Conference of the United States shall be used without alteration." Fed. R. Bankr. P. 9009(a). Form 122C-2 of the Means Test is the current version of the form promulgated by the Supreme Court that serves as a calculation of a debtor's expenses in accordance with § 707(b)(2).

This Court is required to interpret the Means Test in a manner consistent with the Code. *In re Lopez*, 574 B.R. 159, 162 (Bankr. E.D. Cal. 2017) (finding it "unnecessary to venture beyond the plain meaning of § 707(b), the Official Form supplemented with corroborating legislative materials, and court decisions" to determine a requirement of the Means Test). *See also* Fed. R. Bankr. P. 9009(c) ("The forms shall be construed to be consistent with these rules and the Code."). A basic canon for statutory interpretation is that if the language of the statute is plain, courts must enforce it as is written. *In re Lively*, 467 B.R. 884, 891 (Bankr. S.D. Tex. 2012) ("If a text is unambiguous on its face, does not produce absurd results, and fits coherently into the statute's overarching structure, the statutory interpretation exercise is complete."); *see also Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991) (finding that courts "follow the plain

meaning of a statute unless it would lead to a result so bizarre that Congress could not have intended it"). When interpreting statutes, courts must reference "both specific context of language and the context of the entire statute." *In re Sierra*, 560 B.R. 296, 302 (Bankr. S.D. Tex. 2016) (citing *In re Raygoza,* 556 B.R. 813, 821 (Bankr. S.D. Tex. 2016)); *see also Yates v. United States*, 135 S. Ct. 1074, 1081 (2015). Further, "[i]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

The Code provides that a debtor's current monthly income shall be reduced by a debtor's monthly expenses as determined by local standards, "average monthly payments on account of secured debts," and "expenses for payment of all priority claims." § 707(b)(2)(A). As to a debtor's monthly expenses, section 707(b)(2)(A)(ii)(I) provides:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. . . *Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts.*

(emphasis added). The Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 101(5)(A). Accordingly, this Court finds that "debts" must be excluded from the calculation of a debtor's monthly expenses pursuant to § 707(b)(2)(A)(ii)(I).

The specific issue in this case is whether Debtor's monthly rent expense is a mortgage or other debt secured by his home that should be listed on Line 9b. Rent is defined as "consideration paid, periodically, for the use or occupancy of property." BLACK'S LAW DICTIONARY (10th Ed. 2014). Conversely, a mortgage is a "lien against property that is granted to secure an obligation (such as a debt) and that is extinguished upon payment or performance according to stipulated terms." *Id.* Comparing the plain meaning of 'debt' and 'rent,' this Court finds that rent is not a liability on a claim and thereby cannot be a debt. *Compare* § 101(12) *with* BLACK'S LAW DICTIONARY (10th Ed. 2014). As rent is not a debt, it cannot be classified as a secured debt, such as a mortgage. Based on the plain meaning of the terms, a debtor renting an apartment does not incur a secured debt, such as a home mortgage.

Further, the Code expressly separates monthly expense amounts, such as rent, from payments for a secured debt, such as a mortgage. *Compare* § 707(b)(2)(A)(ii)(I) *with* § 707(b)(2)(A)(iii). Only mortgages and other debts secured by a debtor's home are deducted from the IRS mortgage/rent allowance because they are debt payments, which are excluded from a debtor's monthly expenses under § 707(b)(2)(A)(ii)(I). The context of § 707 demonstrates that secured debts, such as a home mortgage, are patently different than monthly expenses when calculating a debtor's projected disposable income. Accordingly, this Court finds that a monthly rent expenses is not a mortgage or other debt secured by Debtor's home.

The language of the Means Test conforms to this Court's reading of the Code. Form 122C-2 plainly instructs debtors to list the average monthly payment for "all mortgages and other debts secured by [their] home" on Line 9b, explicitly excluding rent expenses. Notably, Form 122C-2 specifies the option of a monthly "mortgage or rent expense" in both Lines 9a and 9c. As discussed above, the plain language of § 707(b)(2)(A)(ii)(I) explicitly states that a debtor's

monthly expenses will not include "any payments for debts." Pertinent to the instant matter, Line 9 of Form 122C-2 requires a debtor to enter their "Housing and Utilities – Mortgage or Rent Expenses." Line 9a instructs a debtor to "us[e] the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses." Here, Debtor listed the local standard of $678.00. ECF No. 32 at 5. At issue in this case is the language of Line 9b, which states "Total average monthly payment for all mortgages and other debts secured by your home." Form 122C-2 further instructs that "to calculate the average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. . . [n]ext divide by 60." Debtor does not have a mortgage or other debts secured by his home and thus, entered $0.00 on Line 9b. ECF No. 32 at 5. Finally, Line 9c determines a debtor's "net mortgage or rent expense" by subtracting Line 9b from Line 9a. Therefore, Debtor's net mortgage or rent expense is appropriately listed as $678.00 and Debtor correctly excluded his rent from Line 9b. ECF No. 32 at 5.

Although the plain language of the Code and the Means Test instructs this Court that a debtor's rent expense is not deducted from Line 9b, the advisory committee notes for the Means Test bolster that position. The committee notes provide:

> The mortgage/rent component covers the cost of acquiring the residence. The forms take no position on the question of whether the debtor must actually be making payments on a home in order to claim a mortgage/rent allowance. For homeowners with mortgages, the mortgage/rent allowance involves debt payment, since the cost of the mortgage is the basis for the allowance. Accordingly, the forms require debtors to deduct from the mortgage/rent allowance their average monthly mortgage payment, up to the full amount of the IRS mortgage/rent allowance, and instruct debtors that this average monthly payment is the one reported on the separate line of the forms for deductions of secured debt under § 707(b)(2)(a)(iii).

Official Form 122 advisory committee notes. As indicated by the committee notes, only a mortgage is deducted from the IRS mortgage/rent allowance because it is a debt payment, which

is not allowed under § 707(b)(2)(A)(ii)(I). Therefore, secured debts, such as mortgages are deducted on Line 37 of the Means Test in accordance with § 707(b)(2)(a)(iii). Thus, this Court finds that a debtor's rental expense is not listed on Line 9b of the Means Test.

Applying the canons of statutory interpretation to Official Form 122C-2, this Court finds that the plain language of the form does not require a debtor to account for his actual monthly rent expense because it is not a mortgage or other debt secured by a home. Accordingly, based on the foregoing, this Court finds that Debtor's Plan, ECF No. 30, should be confirmed.

## V. CONCLUSION

Here this Court considered whether a rent expense and a mortgage debt were considered the same type of expense for purposes of the Means Test. Based on the language of § 707, this Court finds that rent is not a mortgage or debt secured by a home and therefore should not be listed on Line 9b of the Means Test. Thus, this Court finds that Debtor's Plan, ECF No. 30, should be confirmed.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 06/18/2018.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge